IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-101-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RAYMOND ELLIS OWENS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion requesting judicial recommendation that the Federal Bureau of Prisons ("BOP") place defendant in a residential reentry center ("RRC") for twelve months. (DE 57). The government responded in opposition to the motion.

On March 11, 2015, the court sentenced defendant to 120 months' imprisonment upon conviction of drug and firearm offenses.[1] In the judgment, the court expressly recommended that defendant participate in the most intensive drug treatment program while incarcerated and that he be incarcerated at FCI Butner. On March 20, 2020, defendant filed the instant motion requesting that the court recommend defendant for twelve month placement in a RRC or other recommendation that the court feels is just and equitable. Defendant requests placement in an RRC in order to have the opportunity to find employment; obtain a drivers license; build his relationship with the community, family members, and friends; to save money to obtain proper housing; and to find a sponsor. Defendant cites his record of achievement in prison, his ownership of a business, and his current enrollment in residential drug abuse program.

---

[1] This matter was reassigned to the undersigned, in light of retirement of the judge who originally sentenced defendant.

The court recognizes it has authority to issue such a recommendation pursuant to 18 U.S.C. § 3621(b)(4). Nonetheless, under the circumstances of this case, the court declines to issue the requested post-judgment recommendation for RRC placement. The court did not recommend community confinement at sentencing despite consideration of all relevant pre-sentencing conduct, and despite its express recommendation for drug treatment program and incarceration at FCI Butner. Moreover, the BOP is better positioned to evaluate whether defendant's post-sentencing conduct and current family circumstances justify placement in community confinement. The court takes no position on whether the BOP should place defendant in community confinement, and this order should not be construed as suggesting the court is opposed to RRC placement.

The court, however, commends defendant for his record of achievement in custody, as reflected in the instant motion, including his enrollment in drug treatment program and his efforts to learn the skills needed to become a productive member of society. Defendant's reported performance in custody is consistent with the court's expectations at time of sentencing.

Based on the foregoing, the court DENIES defendant's motion for recommendation for residential reentry center (DE 57).

SO ORDERED, this the 8th day of July, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge